UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

UNITED STATES OF AMERICA,

    - against -

LUIS RUIZ,

              Defendant.

------------------------------------------X

04 Cr. 1146-03 (RWS)

SENTENCING OPINION

**Sweet, D.J.**

On April 27, 2005, Defendant Luis Ruiz ("Ruiz") appeared before the Honorable Douglas F. Eaton of this District and pleaded guilty to one count of conspiracy to import cocaine and one count of conspiracy to distribute and possess with intent to distribute cocaine. For the reasons set forth below, Ruiz will be sentenced to 135 months of imprisonment, to be followed by a five-year term of supervised release. Ruiz also will be required to pay a special assessment of $200.

**Prior Proceedings**

Ruiz was arrested on September 4, 2004 and has remained in custody without bail since that time. An indictment was filed in the Southern District of New York on October 14, 2004, charging that from July 2004 through September 2004, Ruiz, Osiris Diaz, Hector Cruz, and others (1) conspired to import into the United

1

contained approximately fifty kilogram bricks of what appeared to be cocaine. Cruz informed agents that the other three crates also contained 50 kilograms of cocaine each.

Ruiz was arrested on September 4, 2004. According to the Government, Ruiz is being held accountable for the trafficking of at least 542 kilograms of cocaine. His role was to asist Diaz in the transportation of the cocaine from New Jersey to New York, where it was further distributed.

**The Relevant Statutory Provisions**

The mandatory minimum term of imprisonment for Counts One and Two is ten years; the maximum term of imprisonment is a term of life, pursuant to 21 U.S.C. §§ 963 and 846.

A term of at least five years' supervised release per count is required if a sentence of imprisonment is imposed, pursuant to 21 U.S.C. §§ 963 and 846. Such terms of supervised release run concurrently, pursuant to 18 U.S.C. § 3624(e).

Ruiz is not eligible for probation because the instant offense is one for which probation has been expressly precluded by statute, pursuant to 21 U.S.C. §§ 963 and 846.

Pursuant to the Violent Crime Control and Law Enforcement

6

Act of 1994, all offenders on probation, parole or supervised release for offenses committed after September 13, 1994, are required to submit to one drug test within fifteen days of commencement of probation, parole or supervised release and at least two drug tests thereafter for use of a controlled substance, unless ameliorated or suspended by the court due to its determination that the defendant poses a low risk of future substance abuse as provided in 18 U.S.C. §§ 3563(a)(5) and 3583(d).

The maximum fine for Counts One and Two is $4,000,000 per count, pursuant to 21 U.S.C. §§ 963 and 846. A special assessment in the amount of $200 is mandatory. 18 U.S.C. § 3013.

Pursuant to 21 U.S.C. § 862(a)(1)(A), upon a first conviction for distribution of a controlled substance, a defendant may be declared ineligible for any or all Federal benefits for up to five years as determined by the Court.

**The Guidelines**

The November 1, 2005 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to section 1B1.11(a). Counts One and Two are grouped together for calculation purposes. § 3D1.2(d).

7

The Guideline for violations of 21 U.S.C. §§ 963 and 846 is found in section 2D1.1. Based on information provided by the Government, Ruiz is responsible for the trafficking of at least 542 kilograms of cocaine. As specified in the Drug Quantity Table under section 2D1.1(c)(1), the trafficking of over 150 kilograms of cocaine results in a base offense level of 38.

Basely on his plea allocution, Ruiz has shown recognition of responsibility for the offense. Pursuant to section 3E1.1(a), the offense is reduced two levels. Further, because Ruiz's timely notification of his intention to plead guilty has allowed the Government to allocate its resources more efficiently, and because the offense level is sixteen or greater, the offense level is reduced one additional level. § 3E1.1(b).

The Defendant's resulting adjusted offense level is 35.

Ruiz has one prior conviction for possession with intent to distribute cocaine. He was sentenced to 5 years of imprisonment on May 30, 1986, and was released from custody on September 12, 1989. Because Ruiz commenced the instant offense within fifteen years from his release from custody, the prior conviction results in three criminal history points, and thus Ruiz has a Criminal History Category of II. §§ 4A1.1(a), 4A1.2(3)(1).

Based on a total offense level of 35 and a Criminal

History Category of II, the Guidelines range for imprisonment is 188 to 235 months.

The Guidelines range for a term of supervised release is five years, the minimum required by statute, per count, pursuant to section 5D1.2(c).

The penalties applicable to Counts One and Two preclude a sentence of probation, pursuant to section 5B1.1(b)(2).

The Guidelines fine range for the instant offense is from $20,000 to $8,000,000. § 5E1.2(c)(1), (4). Subject to the defendant's ability to pay, in imposing a fine, the Court shall consider the expected costs to the Government of any imprisonment, probation, or supervised release. § 5E1.2(d)(7). The most recent advisory from the Administrative Office of the United States Courts suggests a monthly cost of $1,931.97 to be used for imprisonment, a monthly cost of $292.21 for supervision, and a monthly cost of $1,590.66 for community confinement.

Pursuant to section 5F1.6, the Court may deny eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guideline analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) in order to impose a sentence "sufficient, but not greater than necessary," as is required in accordance with the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In particular, Section 3553(a)(2)(C) requires the Court to consider the need to protect the public from future crimes of this defendant. Ruiz is currently forty-six years old. This Court and others have previously declined to impose Guidelines sentences on defendants who, like Ruiz, were over the age of forty at the time of sentencing on the grounds that such defendants exhibit markedly lower rates of recidivism in comparison to younger defendants. See, e.g., United States v. Carmona-Rodriquez, No. 04 Cr. 667(RWS), 2005 WL 840464, at *5 (S.D.N.Y. Apr. 11, 2005) (imposing a term of incarceration of 30 months on a 54-year-old defendant where the Guidelines recommended a minimum term of 46 months); Simon v. United States, 361 F. Supp. 2d 35, (E.D.N.Y. Mar. 17, 2005) (imposing a term of incarceration of 240 months on a 43-year-old defendant where the Guidelines recommended a minimum of 324 months); United States v. Nellum, No. 2:04 Crim. 30, 2005 WL 300073, at *3 (N.D. Ind. Feb.3, 2005) (imposing a term of incarceration of 108 months on a 57-year-old defendant where the Guidelines recommended a minimum of 168 months); see also U. S. Sentencing Comm'n, Measuring

Recidivism: The Criminal History Computation Of The Federal Sentencing Guidelines, at 28 (2004) (stating that for defendants in Criminal History Category II, recidivism rate for those between ages of 41 and 50 is 13.3 percent whereas recidivism rate for those between ages of 31 and 40 is greater than 23 percent), available at http://www.ussc.gov/publicat/Recidivism_General.pdf. Having considered the foregoing in light of all of the other factors enumerated in Section 3553(a), it is hereby determined that a non-Guidelines sentence is warranted.

**The Sentence**

Although Ruiz has one prior narcotics conviction, that conviction occurred more than twenty years ago. The Guidelines themselves direct that prior convictions resulting in sentences greater than thirteen months should not be counted toward a defendant's criminal history if the defendant has not been incarcerated within fifteen years of the instant offense. U.S.S.G. § 4A1.2(e)(1). Ruiz was released from custody for his prior conviction on September 12, 1989. He was arrested for the instant offense on September 4, 2004, less than a week and a half shy of the fifteenth anniversary of his release from custody. Had the prior conviction not been counted toward his criminal history in this case, the Guidelines would have suggested that Ruiz receive a sentence of 135 to 168 months for the current offense. In light of the reduced concern that defendants of Ruiz's age will recidivate,

the lower range is appropriate here.

For the instant offense, Ruiz is hereby sentenced to 135 months of imprisonment on each of Counts One and Two, to run concurrently, followed by a five-year term of supervised release.

Since Ruiz has been detained without bail since his arrest, he is not a candidate for voluntary surrender. 18 U.S.C. § 3143(a)(2). Ruiz is directed to report to the nearest Probation Office within seventy-two hours of release from custody. It is recommended that the Defendant be supervised by the district of residence.

As mandatory conditions of his supervised release, Ruiz shall: (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; and (4) cooperate in the collection of DNA as directed by the probation officer. The mandatory drug testing condition is suspended based on the Court's determination that the Defendant poses a low risk of future substance abuse.

The standard conditions of supervision (1-13) shall be imposed, along with special condition that Ruiz cooperate with officials of the Bureau of Immigration and Customs Enforcement and comply with the immigration laws of this country.

In consideration of all the factors set forth in 18 U.S.C. § 3572(a), it does not appear that the defendant has any assets with which to pay a fine, so the fine in this case shall be waived. A special assessment of $200, payable to the United States, is mandatory and shall be due immediately.

The terms of this sentence are subject to modification at the sentencing hearing set for May 10, 2006.

It is so ordered.

**New York, NY**
**May 9, 2006**

ROBERT W. SWEET
U.S.D.J.